UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES OF THE PAVERS AND ROAD
BUILDERS DISTRICT COUNCIL WELFARE,
PENSION, AND ANNUITY FUNDS, and THE
TRUSTEES OF THE LOCAL 1010
APPRENTICESHIP, SKILL IMPROVEMENT,
AND TRAINING FUND,

                Plaintiffs,

    -against-

INKA CONSTRUCTION LLC,
                Defendant.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
24-CV-561 (CBA) (JAM)

**AMON, United States District Judge:**

On January 25, 2024, Plaintiffs filed suit against INKA Construction LLC ("INKA") pursuant to the Employee Retirement Insurance Act of 1974, the Labor Management Relations Act of 1947, New York Labor Law, and New York common law. (ECF Docket Entry ("D.E.") # 1 ("Compl.").)[1] Since the commencement of this litigation, INKA has failed to make an appearance or otherwise respond to the complaint. INKA has been properly served all required papers. (D.E. ## 10-11, 13, 22, 26, 28, 30; see D.E. # 29 at 5, 8-9.) On August 22, 2024, Plaintiffs submitted a request for an entry of default, which the Clerk of the Court granted on May 17, 2024. (D.E. ## 14-15.) To date, INKA has not responded to this action.

On July 22, 2024, Plaintiffs moved for default judgment. (D.E. ## 17-22.) I referred that motion to the Honorable Joseph A. Marutollo, United States Magistrate Judge, for report and recommendation. (Text order dated July 25, 2024.) Magistrate Judge Marutollo ordered Plaintiffs to provide supplemental declarations to their motion for default judgment, which Plaintiffs provided. (Text orders dated Nov. 17, 2024, Nov. 19, 2024, and Nov. 25, 2024; D.E. ## 23, 25,

---

[1] Plaintiffs' complaint also named as defendants Atlantic Specialty, Inc. and Berkley Insurance Company; Plaintiffs have since dismissed their complaints against those defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (D.E. # 8.)

1

27.) On November 26, 2024, Magistrate Judge Marutollo issued a report and recommendation, which was subsequently modified sua sponte on January 15, 2025. (D.E. # 31 ("R&R") 2 n.2.)

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). No party has objected to the R&R, and the time for doing so has passed. Because I do not find clear error in Magistrate Judge Marutollo's thorough amended R&R, I adopt it in full.

SO ORDERED.

Dated: March 11, 2025
Brooklyn, New York

/s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

2